Locke, Judge
If this deed be genuine, it will not follow that Bloodwofth’s is not bona.r.de, unless it could be limber shewn that Bloodworth knew of this deed when he obtaisitd his. But as the issue made up does not embrace the plaintiff’s case, ua may pay all costs and have another issue made up.
Haywood. If we are to pay costs for an extraordinary is-.ue jnade up by a Judge, which is not calculated to try the merits, we will not have an amendment upon such terms. — we will proceed in the trial. '
Locke, Judge — «If you do go on with the cause, though the issue is immaterial, you shall not have a new issue alter the trial, and I give you this warning of it.
Hayvjood. I shall, notwithstanding that warning, go on with the cause. The jury disagreed, and there was no motion made for a new issue.
N. B. As the writ of certiorari is of eminent use in our practice, it is much to be lamented that the rules concerning it are not steady. Some time past, a certiorari was brought to Hillsbo-rough Superior Court, to remove a cause of Hanks’ administrators against Hanks’ executors. The certiorari %vas returned* and was argued before Judge Macay, He ordered the cause upon the trial docket; it stood there several terms the paities. on both sides summoned witnesses. The jury were impanelled to try th.e cause; and upon an objection taken, that the recoid could not be found, the then presiding Judge dismissed the cer-tiorari. Surely a cause standing on the trial docket, cannot be got clear of, but by trial, nonsuit or nonpros, and in the same manner when it comes up by certiorari, which.is in place of am appeal, as when it comes up by appeal; and in case of appeal, the, constant practice is to suggest diminution of the record, and tc *366 send & certiorari for it; not dismiss the appeal. Besides, wli'en a new trial is ordered in the court above, the former iriul as set aside ipso facia. A dismission of the certiorari will not restore the verdict below. What then wijl the parties do ? The plaintiff below panpot take out execution.